# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT ALTNER and SANDRA ALTNER,**

        **Plaintiffs,**

**v.**                                                            **Case No: 6:12-cv-1874-Orl-31GJK**

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, THE HERTZ CORPORATION and J L CLARENCE BLANCHARD,**

        **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Remand (Doc. 20) filed by the Plaintiffs, Robert and Sandra Altner, and the responses (Doc. 25, 26) filed by Defendant The Hertz Corporation ("Hertz") and by Defendant J L Clarence Blanchard ("Blanchard"), respectively.

This matter was filed in state court on August 20, 2012. Defendant Blanchard removed it to this Court on the basis of diversity jurisdiction on December 17, 2012.[1] In the Notice of Removal, Blanchard asserted that he was served "on or about November 15, 2012". (Doc. 1 at 1). However, the Altners contend (and Blanchard does not now dispute) that this service actually occurred on November 5, 2012.

Blanchard offers two arguments as to why the case should not be remanded, despite it having been removed outside the 30-day window authorized by 28 U.S.C. §1446(b)(1). First,

---

[1] The other defendants, who had been served weeks before Blanchard, consented to the removal.

Blanchard argues that the person who served him failed to place the date and time of service on at least one of the processes served as required by Fla. Stat. § 48.031(5). However, Blanchard points to no case law or other authority supporting the notion that a process server's failure to comply with a requirement of Florida's service of process statute eliminates a Defendant's obligation to abide by the requirements of the federal removal statutes.

Blanchard's second argument is that the case was not removable as of November 5, 2012 because the complaint was silent as to the amount of damages sought. It appears that Blanchard is attempting to take advantage of 28 U.S.C. §1446(b)(3), which provides that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

It is not enough, for Blanchard's purposes, to just establish that the case was not removable initially. To prevail on this argument, Blanchard would also have to show that the case *became* removable at some point within the thirty days preceding his removal of it to federal court. However, Blanchard never even attempts to point to any "amended pleading, motion, order or other paper" that first provided a basis for removal at some point within the thirty day period preceding December 17, 2012. The record suggests the opposite to be true. In his response, Blanchard relies on two items to establish that the amount in controversy exceeds the jurisdictional threshold: the description of the Plaintiffs' injuries in the complaint and a pre-suit demand letter in the amount of $1 million. Both of these items were known to Blanchard no later than the date on which he was initially served with the complaint.

The remand statute, 28 U.S.C. §1447(c) provides that an order remanding the case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award fees on remand depends upon the reasonableness of the

removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Here, the case was at least arguably removable on November 5, 2012, but Blanchard's removal was objectively unreasonable in that, despite his knowledge of the actual date of service, the removal occurred outside the 30 day period set forth in Section 1446(b). Under these circumstances, an award of fees and costs is appropriate.[2]

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 20) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. And it is further

**ORDERED** that Defendant J L Clarence Blanchard shall pay to the Plaintiffs their just costs and actual expenses, including attorney fees, incurred as a result of removal. Counsel for Blanchard and counsel for the Altners are ordered to confer not more than 15 days from the date of this order to attempt to stipulate to the amount of those costs and expenses. If the parties are unable to agree on the amount, counsel for the Altners shall file a motion to have the Court set the amount, along with all supporting documentation, on or before February 15, 2013. Counsel for Blanchard may file a response not more than 10 business days thereafter.

**DONE** and **ORDERED** in Orlando, Florida on January 28, 2013.

/s/ Gregory A. Presnell
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[2] The Court finds no basis for an award against those defendants who merely consented to Blanchard's removal.

Copies furnished to:

Counsel of Record
Unrepresented Parties